UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:24-CR-111-KAC-DCP |
| | ) | |
| DA'QUAN ALLEN DUCK, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Da'Quan Allen Duck's Unopposed Motion to Continue Deadlines and Trial Date [Doc. 14], filed on November 3, 2025.

Defendant requests the Court to continue the plea deadline, and the trial date, currently set for December 2, 2025, for approximately sixty-days [*Id.* at 1]. In support of his motion, Defendant states that counsel has not been able to complete the investigation into the facts and circumstances of this matter and cannot yet fully advise Defendant of the best possible resolution for his case [*Id.* ¶ 1]. Defendant's motion reflects that the Government does not oppose the continuance [*Id.* ¶ 4]. Defendant understands that the period of time between the filing of the motion for continuance and a rescheduled court date will be fully excludable for speedy trial purposes [*Id.* ¶ 3].

Based on the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). In consideration of these factors, the Court concludes that failing to grant a

continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Defendant needs the additional time to complete the investigation into the facts and circumstances of this matter, be advised by counsel, and otherwise prepare for trial. The Court finds that all of this cannot occur before the December 2, 2025 trial date.

The Court therefore **GRANTS** Defendant Da'Quan Allen Duck's Unopposed Motion to Continue Deadlines and Trial Date [**Doc. 14**]. The trial of this case is reset to **March 10, 2026**. A new, comprehensive trial schedule is included below. Because the Court finds that the ends of justice are served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on November 3, 2025, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant Da'Quan Allen Duck's Unopposed Motion to Continue Deadlines and Trial Date [**Doc. 14**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **March 10, 2026, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motion on **November 3, 2025**, and the new trial date of **March 10, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **February 10, 2026**;

(5) the deadline for filing motions *in limine* is **February 23, 2026**. Responses to motions *in limine* are due on or before **March 3, 2026**;

2

(6) the parties are to appear before the undersigned for a final pretrial conference on **February 24, 2026, at 11:30 a.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **February 27, 2026.**

**IT IS SO ORDERED.**

ENTER:

*/s/ Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge